IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs June 2, 2026

**DEVAN DENTON v. STATE OF TENNESSEE**

**Appeal from the Criminal Court for Shelby County**
No. 12-02872          Carlyn L. Addison, Judge

_____

**No. W2025-01111-CCA-R3-HC**
_____

A Shelby County jury convicted the Petitioner, Devan Denton, of several crimes, including three counts of aggravated rape. The trial court sentenced the Petitioner to an effective sentence of fifteen years to be served in the Tennessee Department of Correction, and the Petitioner was subsequently housed in the Turney Center Industrial Complex in Hickman County, Tennessee. However, he was temporarily moved to the Shelby County Jail for proceedings stemming from his post-conviction petition. While being held in Shelby County, the Petitioner filed a petition for habeas corpus relief, which the habeas corpus court denied after a hearing. It is from this habeas corpus proceeding that the Petitioner appeals. We affirm the judgment of the habeas corpus court.

**Tenn R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

CAMILLE R. MCMULLEN, J., delivered the opinion of the court, in which JILL BARTEE AYERS and JOHN W. CAMPBELL, SR., JJ., joined.

Lance R. Chism, Memphis, Tennessee, for the appellant, Devan Denton.

Jonathan Skrmetti, Attorney General and Reporter; Caroline Weldon, Assistant Attorney General; Steven J. Mulroy, District Attorney General; and Monica A. Timmerman, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

In December 2015, a Shelby County jury convicted the Petitioner of multiple crimes, including three counts of aggravated rape. The Petitioner was ordered to serve an effective sentence of fifteen years in the Tennessee Department of Correction, and he was subsequently housed in Only, Hickman County, Tennessee, at the Turney Center Industrial Complex ("Turney Center").

On December 18, 2024, the Shelby County Criminal Court ordered the Petitioner to be transferred to the Shelby County Jail in order that he be present for proceedings being held on January 7, 2025, relevant to the Petitioner's petition for post-conviction relief. On February 27, 2025, the court ordered the Petitioner returned to Turney Center. Also on February 27, 2025, while the Petitioner was still in the Shelby County Jail, the Petitioner filed a petition for habeas corpus relief, alleging that three counts in his indictment, each alleging aggravated rape, were so defective as to deprive the trial court of jurisdiction, rendering void his convictions on those counts. The State responded that habeas corpus relief was not warranted on the grounds that the petition for habeas corpus relief had not been filed in the correct court, and that the challenged counts of the indictment were not so defective as to have deprived the trial court of jurisdiction.

The Shelby County Criminal Court ("the habeas corpus court") set a hearing and, on May 15, 2025, ordered the Petitioner to be transported from Turney Center to the Shelby County Jail to be present for the hearing. The habeas corpus court subsequently granted the Petitioner's motion to be allowed to remain in the Shelby County Jail until June 18, 2025.

On June 17, 2025, the habeas corpus court held a hearing on the Petitioner's petition for habeas corpus relief. After hearing argument from both the Petitioner's lawyer and the State, and after considering the wording of the challenged counts of the indictment, the habeas corpus court denied relief on the bases that (1) the Petitioner failed to prove that his confinement is illegal and (2) his petition was not filed in the most convenient court. The Petitioner timely filed his appeal, and we now consider whether the habeas corpus court properly denied relief.

"The determination of whether habeas corpus relief should be granted is a question of law." Faulkner v. State, 226 S.W.3d 358, 361 (Tenn. 2007) (citing Hart v. State, 21 S.W.3d 901, 903 (Tenn. 2000)). Accordingly, our review is de novo without a presumption of correctness. Summers v. State, 212 S.W.3d 251, 255 (Tenn. 2007) (citing State v. Livingston, 197 S.W.3d 710, 712 (Tenn. 2006)).

A prisoner is guaranteed the right to habeas corpus relief under Article I, section 15 of the Tennessee Constitution. Tenn. Const. art. I, § 15; see Tenn. Code Ann. §§ 29-21-101 to -130. The grounds upon which a writ of habeas corpus may be issued, however, are very narrow. Taylor v. State, 995 S.W.2d 78, 83 (Tenn. 1999). "Habeas corpus relief is available in Tennessee only when 'it appears upon the face of the judgment or the record of the proceedings upon which the judgment is rendered' that a convicting court was without jurisdiction or authority to sentence a defendant, or that a defendant's sentence of imprisonment or other restraint has expired." Archer v. State, 851 S.W.2d 157, 164 (Tenn.

1993) (quoting State v. Galloway, 45 Tenn. (5 Cold.) 326, 337 (1868)).  A habeas corpus petition challenges void and not merely voidable judgments.  Summers, 212 S.W.3d at 255 (citing Potts v. State, 833 S.W.2d 60, 62 (Tenn. 1992)).  "A void judgment is one in which the judgment is facially invalid because the court lacked jurisdiction or authority to render the judgment or because the defendant's sentence has expired."  Taylor, 995 S.W.2d at 83 (citing Dykes v. Compton, 978 S.W.2d 528, 529 (Tenn. 1998); Archer, 851 S.W.2d at 161-64).  Moreover, it is the petitioner's burden to demonstrate, by a preponderance of the evidence, that the judgment is void or that the confinement is illegal.  Wyatt v. State, 24 S.W.3d 319, 322 (Tenn. 2000).  If this burden is met, the Petitioner is entitled to immediate release.  State v. Warren, 740 S.W.2d 427, 428 (Tenn. Crim. App. 1986) (citing Ussery v. Avery, 432 S.W.2d 656, 658 (Tenn. 1968)).

If the habeas corpus court determines from the petitioner's filings that no cognizable claim has been stated and that the petitioner is not entitled to relief, the petition for writ of habeas corpus may be summarily dismissed.  See Hickman v. State, 153 S.W.3d 16, 20 (Tenn. 2004).  Further, the habeas corpus court may summarily dismiss the petition without the appointment of a lawyer and without an evidentiary hearing if there is nothing on the face of the judgment to indicate that the convictions are void.  Summers, 212 S.W.3d at 261; Hickman, 153 S.W.3d at 20.  "The petitioner bears the burden of providing an adequate record for summary review of the habeas corpus petition, including consideration of whether counsel should be appointed."  Summers, 212 S.W.3d at 261.

The Petitioner alleged that Counts 2, 3, and 6 of his indictment were so defective as to deprive the trial court of jurisdiction, rendering void his convictions on those Counts.  Those Counts provided as follows:

Count 2

THE GRAND JURORS of the State of Tennessee, duly selected, empaneled, sworn and charged to inquire for the body of the county of Shelby, Tennessee, upon their oath, present that:
BRIAN NORWOOD
[THE PETITIONER]
LEON DENTON
JAMES KERRIGAN
ANTONIO HOWARD
on October 16, 2011 in Shelby County, Tennessee, and before the finding of this indictment, did unlawfully and intentionally sexually penetrate [L. R. G.] by the use of force or coercion, while armed with a weapon or an article used or fashioned in a manner to lead [L. G.] reasonably to believe it to be a weapon:  in that [THE PETITIONER] did unlawfully sexually penetrate [L.

R. G.] and ANTONIO HOWARD, BRIAN NORWOOD, LEON DENTON, and JAMES KERRIGAN did act with intent to promote or assist in the commission of an offense, to wit: Aggravated Rape, and further did aid [THE PETITIONER] in his unlawful sexual penetration of [L. R. G.], in violation of T.C.A. 39-13-502, against the peace and dignity of the State of Tennessee.

Count 3

THE GRAND JURORS of the State of Tennessee, duly selected, empaneled, sworn and charged to inquire for the body of the county of Shelby, Tennessee, upon their oath, present that:

BRIAN NORWOOD
[THE PETITIONER]
LEON DENTON
JAMES KERRIGAN
ANTONIO HOWARD

on October 16, 2011 in Shelby County, Tennessee, and before the finding of this indictment, did unlawfully and intentionally sexually penetrate [L. R. G.] by the use of force or coercion, while armed with a weapon or an article used or fashioned in a manner to lead [L. G.] reasonably to believe it to be a weapon: in that LEON DENTON did unlawfully sexually penetrate [L. R. G.] and ANTONIO HOWARD, BRIAN NORWOOD, [THE PETITIONER], and JAMES KERRIGAN did act with intent to promote or assist in the commission of an offense, to wit: Aggravated Rape, and further did aid LEON DENTON in his unlawful sexual penetration of [L. R. G.] in violation of T.C.A. 39-13-502, against the peace and dignity of the State of Tennessee.

Count 6

THE GRAND JURORS of the State of Tennessee, duly selected, empaneled, sworn and charged to inquire for the body of the county of Shelby, Tennessee, upon their oath, present that:

BRIAN NORWOOD
[THE PETITIONER]
LEON DENTON
JAMES KERRIGAN
ANTONIO HOWARD

on October 16, 2011 in Shelby County, Tennessee, and before the finding of this indictment, did unlawfully and intentionally sexually penetrate [L. R. G.] by the use of force or coercion, in that LEON DENTON did unlawfully sexually penetrate [L. R. G.] being aided and abetted by ANTONIO

HOWARD, BRIAN NORWOOD, [THE PETITIONER], and JAMES KERRIGAN, in violation of T.C.A. 39-13-502, against the peace and dignity of the State of Tennessee.

The Petitioner argues that Counts 2 and 3 each set forth more than one theory of committing the offense of aggravated rape and that these two Counts "are so poorly written that the reader cannot ascertain precisely which theory of aggravated rape is being charged." The Petitioner claims that the language of Counts 2 and 3 did not "adequately place [him] on notice of his charges" and that Counts 2 and 3 are so defective as to deprive the trial court of jurisdiction. As to Count 6, the Petitioner argues that "[a] reasonable person reading [C]ount 6 would think that only Leon Denton is being charged with aggravated rape . . . and that the co-defendants were simply listed as his aiders and abettors," leaving him without notice of his charges and being so defective as to deprive the trial court of jurisdiction.

We disagree. The United States Constitution and the Tennessee Constitution state that a defendant is entitled to knowledge of "the nature and cause of the accusation." U.S. Const. amend. VI; Tennessee Const. art. I, § 9. The Tennessee Supreme Court has stated that an indictment is valid if it contains sufficient information "(1) to enable the accused to know the accusation to which answer is required, (2) to furnish the court adequate basis for the entry of a proper judgment, and (3) to protect the accused from double jeopardy." State v. Hill, 954 S.W.2d 725, 727 (Tenn. 1997) (citing State v. Byrd, 820 S.W.2d 739, 741 (Tenn. 1991); VanArsdall v. State, 919 S.W.2d 626, 630 (Tenn. Crim. App. 1995); State v. Smith, 612 S.W.2d 493, 497 (Tenn. Crim. App. 1980)). In addition, pursuant to Tennessee Code Annotated section 40-13-202, the indictment must

state the facts constituting the offense in ordinary and concise language, without prolixity or repetition, in such a manner so as to enable a person of common understanding to know what is intended, and with that degree of certainty which will enable the court, on conviction, to pronounce the proper judgment.

Tenn. Code Ann. § 40-13-202 (2006). Counts 2, 3 and 6 satisfy these requirements. Each Count notified the Petitioner that he was being charged with the aggravated rape of a particular victim at a particular time while accompanied by particular persons and committed in Shelby County. All three Counts charge the Petitioner and his co-defendants with unlawfully and intentionally sexually penetrating the victim by the use of force or coercion. Each Count adds additional details specific to that Count. The allegations contained in each Count were sufficient to vest jurisdiction in the trial court. Had the Petitioner deemed that he needed clarification in order to prepare his defense against these charges, he was free to seek it prior to trial. See Tenn. R. Crim. P. 12(b) (stating that

motions alleging a defect in the indictment must be made before trial).  We affirm the habeas corpus court's conclusion that the Petitioner failed to establish that he is entitled to habeas corpus relief on this basis.

The habeas corpus court also concluded that the Petitioner filed his petition for habeas corpus relief in the wrong court.  We agree.  Our statutes provide that a petition for habeas corpus relief "should be made to the court or judge most convenient in point of distance to the applicant, unless a sufficient reason be given in the petition for not applying to such court or judge."  Tenn. Code Ann. § 29-21-105.  As the Tennessee Supreme Court has recognized, "the procedural provisions of the habeas corpus statutes are mandatory and must be followed scrupulously."  Hickman, 153 S.W.3d at 19 (citation omitted).  "Filing with the nearest court or judge generally means the county where the petitioner is being held," Carter v. Bell, 279 S.W.3d 560, 562 (Tenn. 2009), that is, where he is incarcerated. While it is true that the Petitioner was physically in Shelby County on the day he filed his petition for habeas corpus relief, he was normally incarcerated in Hickman County and was physically present in Shelby County only for the purposes of attending court matters pertaining to his petition for post-conviction relief.  Thus, under the habeas corpus statute, the Petitioner should have filed his petition for habeas corpus relief in Hickman County.  A habeas corpus court "may properly choose to dismiss a petition for failing to comply with the statutory procedural requirements."  Hickman, 153 S.W.3d at 21.

The Petitioner contends that the "sufficient reason" for filing in Shelby County rather than in Hickman County was the fact that, when he filed his Petition, he was physically in Shelby County.  We disagree.  This approach would encourage forum shopping by incarcerated felons who, for some reason or another, find themselves temporarily in a county other than the one to which they are assigned to serve their sentences.  We are not inclined to foster this practice.

The Petitioner also asserts that he had sufficient reason to file his habeas corpus petition in Shelby County because that is where the original indictment is located.  He asserts that the "court hearing the habeas corpus petition will need to review the original indictment to determine whether it fails to state an offense."  Again, we disagree.  The Petitioner has demonstrated no meaningful differences between the original indictment and the copy provided in conjunction with this proceeding.  Modern technology renders this assertion specious.  Moreover, this court has previously determined that a habeas corpus petition alleging a fatally defective indictment may not be filed in a county other than the one where the petitioner is normally housed.  See State v. Green, No. E2013-02425-CCA-R3-CD, 2014 WL 2957716, at *5 (Tenn. Crim. App. June 30, 2014) (holding that the county of conviction is not the proper venue for a habeas corpus petition alleging a defective indictment as the grounds for relief).

- 6 -

Finally, the Petitioner contends that, because he is being represented by the same lawyer in both his post-conviction proceeding and this habeas corpus proceeding, and because that lawyer is based in Shelby County, "it ma[kes] perfect sense to allow current counsel to handle the habeas corpus case in Shelby County [as] more practical than requiring current counsel to travel to Hickman County [to pursue a claim for] habeas corpus relief." While we are sympathetic to counsel's concern with efficiency, his argument is better addressed to our legislature. This court has previously determined that, under the current legislation, "filing in the county which is more economical for counsel is not a 'sufficient reason' under [Tennessee Code Annotated] section 29-21-105 for filing a petition for habeas corpus relief in the court of conviction instead of the court most convenient to the petitioner." Coury v. Westbrooks, No. M2003-01800-CCA-R3-PC, 2004 WL 2346151, at *3 (Tenn. Crim. App. Oct. 19, 2004).

## CONCLUSION

We affirm the habeas corpus court's denial of relief to the Petitioner on his petition for habeas corpus relief.


s/ **_Camille R. McMullen_**
CAMILLE R. MCMULLEN, JUDGE